## JOINT STIPULATION OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Northern District of Ohio, Eastern Division, Representative Plaintiff Brittany Miner, on behalf of herself and the Opt-In Plaintiffs William DeNigro, Linda Luna, and Charles Strong, and Defendant Newman Technology, Inc, agree:

### DEFINITIONS

1. "Action" shall mean the civil action in the United States District Court for the Northern District of Ohio, Eastern Division entitled *Brittany Miner v. Newman Technology, Inc., Case No. 1:21-cv-00694.*

2. "Plaintiffs" or "Settlement Class" shall mean Representative Plaintiff Brittany Miner and the Opt-In Plaintiffs William DeNigro, Linda Luna, and Charles Strong.

3. "Defendant" shall mean Newman Technology, Inc.

4. "Parties" shall mean the Plaintiffs and Defendant, and "Party" shall mean any one of the Parties.

5. "Final" shall mean the date the Court has approved the Settlement

6. "Settlement" shall mean this Joint Stipulation of Settlement and Release.

### RECITALS

7. On March 29, 2021, Representative Plaintiff Brittany Miner filed this action alleging that Defendant failed to pay her and other similarly-situated employees overtime compensation at the rate of one and one-half times their regular rates of pay for all of the hours they worked over 40 each workweek in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

8. Defendant denies any liability or wrongdoing. The Parties agree that a bona fide dispute exists regarding Plaintiffs' claims, including whether Plaintiffs are entitled to additional overtime compensation, whether Defendant acted in good faith, and whether any alleged violation of the FLSA was willful.

9. On December 1, 2021, the Parties reached a binding settlement in this matter after extensive good faith bargaining.

10. Plaintiffs' counsel represents that they have conducted a thorough investigation into the facts of this Action and have diligently pursued an investigation of Plaintiffs' claims against Defendant, including reviewing relevant documents, and researching the applicable law and the potential defenses. Based on their own independent investigation and evaluation, Plaintiffs'

Counsel is of the opinion that the Settlement is fair, adequate and reasonable and is in the best interest of Plaintiffs in light of all known facts and circumstances, including the risk of significant delay and Defendant's defenses. Defendant agrees that the Settlement is fair, adequate and reasonable. Representative Plaintiff Brittany Miner warrants she is authorized to enter and execute this Agreement on behalf of herself and all Opt-In Plaintiffs.

11. This Settlement represents a compromise of disputed claims. Nothing in this Settlement is intended or will be construed as an admission by Defendant that Plaintiffs' claims in the Action have merit or that Defendant has any liability to Plaintiffs on those claims.

12. Defendant denies that this matter should be certified as a collective action; however, for purposes of facilitating this settlement only, Defendant stipulates to FLSA certification of the Settlement Class of Representative Plaintiff Brittany Miner and the Opt-In Plaintiffs William DeNigro, Linda Luna, and Charles Strong.

## TERMS OF SETTLEMENT

13. **Total Settlement Payment**: The Total Settlement Payment is Twenty-Six Thousand Five Hundred Dollars ($26,500.00) including (a) all Settlement payments to Plaintiffs; and (b) Plaintiffs' Counsel's attorneys' fees and expenses.

14. **Payment to Plaintiffs:** Seven Thousand Three Hundred Twenty-Six Dollars and Forty-Two Cents ($7,326.42) of the Total Settlement Payment will be paid to Plaintiffs as follows: Representative Plaintiff Brittany Miner will receive a representative Plaintiff service award of $500.00. The Plaintiffs will then receive the following individual amounts, which represent a payment of 100% alleged unpaid overtime and 100% alleged liquidated damages:

William DeNigro: $1,068.26

Linda Luna: $27.08

Brittany Miner: $1,507.08

Charles Strong: $4,224.00

15. **Treatment of Plaintiffs' Settlement Payment**: The Parties agree that the Settlement Payments will be treated as 1099 non-wage income, without any withholding. Plaintiffs shall solely be responsible for any taxes on the 1099 non-wage income. Plaintiff Miner's representative Plaintiff award of $500.00 will be treated as 1099 non-wage income.

16. **Plaintiff's Counsel's Attorneys' Fees and Costs:** Nineteen Thousand One Hundred Seventy-Three Dollars and Fifty-Eight cents ($19,173.58) of the Total Settlement Payment will be paid to Plaintiffs' Counsel for attorneys' fees and expenses ($18,767.58 in attorneys' fees and $406.00 in expenses) incurred in the Action. Defendant will issue to Plaintiffs' Counsel a Form 1099 with respect to the attorneys' fees and expenses.

2

17. **Distribution Process:** Defendant will mail Plaintiffs' individual settlement payments and Plaintiffs' Counsel's attorneys' fees and costs to Plaintiff's Counsel's office within fourteen (14) days after the Court grants approval of the settlement. Separate checks will be issued to each Plaintiff and to Plaintiffs' Counsel.

## RELEASE OF CLAIMS

18. **Released Claims:** Plaintiffs release Defendant (including its related, affiliated, associated and parent companies, predecessors, successors and assigns, and their officers, directors, agents, attorneys and employees) from all claims or demands that were made in this Action, or that reasonably could have arisen out of the same facts alleged in this Action, whether known or unknown, including, but not limited to, any and all claims under the wage and hour provisions of the FLSA; any and all claims arising out of any state wage, and/or overtime laws; and any and all derivative claims relating to unpaid wages and overtime compensation against Defendant. Plaintiff Miner only further releases Defendant from all claims or demands she has or may have accrued during the Released Period including, but not limited to, any claim related to Plaintiff Miners' employment with Defendant, any claim under any federal, state or local laws or regulations that in any way relate to the employment of individuals and/or prohibit employment discrimination, retaliation, or harassment of any form; for any related or unrelated contractual claims, tort claims, or any other actions based on any theory; and for any and all claims for damages of any kind whether equitable, liquidated, punitive, or in the form of attorneys' fees, expenses, or costs. However, Plaintiff Miner does not release claims for workers' compensation or claims that cannot otherwise be released by law.

19. **Released Period:** The Released Period shall mean the period from the beginning of time through and including the date on which the Court gives approval of the settlement. However, the scope of claims released—whether inside or outside the Released Period—is limited to those claims released in Paragraph 18 above.

20. **Release of Attorneys' Fees and Expenses:** The payment of attorneys' fees and expenses to Plaintiffs' Counsel includes all of the attorneys' fees and expenses incurred to date and to be incurred in documenting the Settlement and securing Court approval of the Settlement. In consideration for these attorneys' fees and expenses, Plaintiffs' Counsel waives any and all claims to any further attorneys' fees and expenses in connection with the Action.

21. **Neutral Employment Reference:** Upon request from prospective employers of Plaintiff Miner, Defendant agrees to provide a neutral reference, confirming the fact of employment with Defendant, starting and ending dates of employment, and former job titles.

22. **Non-Disparagement.** Plaintiff Miner agrees that she will not make or publish to any employee, client, or affiliate of Defendant, or to any other third party, any statements, whether in writing or orally, including, but not limited to, posting content on any social, online, or any other platform (i.e., Facebook, Twitter, Instagram, GlassDoor, etc.), that in any way impugns, demeans, disparages or tends to lessen the reputation of the Company, its business, or its employees. Defendant agrees to instruct Brian Baker, Vice President of Administration, and Lisa Shaffer,

Senior Manager of Human Resources, not to make statements to any third party that in any way impugn, demean, disparage, or tend to lessen the reputation of Plaintiff Miner.

23. **Communications**: Plaintiffs and Plaintiffs' Counsel agree that they will not contact the media or utilize any social, online, or any other platform, including traditional publication or advertising (i.e., Facebook, Twitter, Instagram, TikTok, websites, news publications, etc.) to make and/or publish any statements regarding this Settlement or its terms. To the extent either Plaintiffs or Plaintiffs' Counsel are contacted regarding this Settlement, Plaintiffs and Plaintiffs' Counsel may respond, "No comment" or limit their commentary solely to, "The matter has been resolved." Contemporaneous to distributing the Settlement Payments to Plaintiffs, Plaintiffs' Counsel shall advise Plaintiffs, in writing, the following:

> You are receiving the enclosed payment as part of settlement of the matter styled *Brittany Miner v. Newman Technology, Inc.*, Case No. 1:21-cv-00694 (the "Case"). In exchange for this payment, you agree that you will not post or otherwise publish any statements regarding the Case, its settlement, or the enclosed payment, including the fact of settlement and/or payment, on to any social, online, or any other platform including, but not limited to, Facebook, Twitter, Instagram or TikTok. To the extent anyone contacts you about the Case or its settlement, you may respond, exclusively, "No comment" or that "The matter has been resolved." Should you have any questions regarding your obligations with respect to the enclosed payment, please contact David J. Steiner, The Lazzaro Law Firm, LLC at The Heritage Building, Suite 250, 34555 Chagrin Boulevard, Moreland Hills, Ohio 44022 or at (216) 696-5000 or at David@lazzarolawfirm.com.

Plaintiffs' Counsel further agrees that they will not upload and have removed any reference from their website and/or any promotional materials about the Action and/or the terms of the Settlement.

24. **No Reliance**: Except for the statements, representations, and promises expressly set forth in this Agreement, none of the Parties has relied upon any statement, representation, or promise of any other party (or of any employee, attorney, or other representative of any other party) in executing this Agreement, and no other party has made any statements, representations, or promises regarding a fact relied upon by it in entering into this Agreement.

25. **Severability**: In the event that any provision of this Agreement is held to be illegal, invalid, or unenforceable under applicable law, the remaining provisions of this Agreement will remain in full force and effect and will not be affected by the illegal, invalid, or unenforceable provision and will be interpreted so as to effect, as closely as possible, the intent of the Parties. Before striking any illegal, invalid or unenforceable provision, the court will first try to modify ("blue-pencil") the offending provision to make it as enforceable as possible.

26. **Governing Law:** This Agreement shall be construed in accordance with, and governed by, the laws of the State of Ohio without taking into account conflict of law principles. Any dispute arising under or related to this Agreement shall be brought only in the U.S. District Court for the Northern District of Ohio, Judge J. Philip Calabrese presiding, who has retained jurisdiction to enforce this Agreement.

27. The entry of final judgment in the Action shall release all claims set forth as being released by the Settlement.

## DUTIES OF THE PARTIES AND/OR THEIR COUNSEL

28. **Cooperation:** The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement and to effectuate its terms.

29. **Fair, Adequate and Reasonable Settlement:** The Parties agree that the Settlement is fair, adequate and reasonable and will so represent to the Court.

30. **Joint Motion for Approval of Settlement:** The Parties will jointly move the Court for the entry of an order approving the Settlement as soon as practicable.

## PARTIES' AUTHORITY

31. The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## MUTUAL FULL COOPERATION

32. The Parties and their respective counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and such other actions as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement.

## NO PRIOR ASSIGNMENTS

33. The Parties and Plaintiffs' Counsel represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## NO ADMISSION

34. Nothing contained in this Settlement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendant, and Defendant denies any such liability. Each Party has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

### CONSTRUCTION

35. The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement

### MODIFICATION

36. This Settlement may not be changed, altered or modified, except in writing and signed by the Parties, and approved by the Court. This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties and approved by the Court.

### INTEGRATION CLAUSE

37. This Agreement supersedes any prior written or verbal agreement relating to this matter and constitutes the complete agreement between the Parties with respect to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever, whether express or implied in law or fact, have been made by any party to this Agreement, except as specifically set forth in this Agreement. This is a fully integrated document and the Parties may not rely, and represent that they do not rely, upon any statement of fact or otherwise outside of this Agreement

### BINDING ON ASSIGNS

38. This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

### COUNTERPARTS

39. This Agreement may be executed in counterparts and may be signed electronically via PDF. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Agreement shall be deemed originals.

### BREACH

40. If either Representative Plaintiff or Defendant breaches any of the terms and conditions of this Settlement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein.

## JURISDICTION

41. The Court has agreed to retain jurisdiction to enforce the terms of the Settlement.

## EXECUTION BY PARTIES AND THEIR COUNSEL

Dated: Dec 28, 2021

BRITTANY MINER

_Brittany Miner (Dec 28, 2021 17:50 EST)_

Dated: Dec. 30, 2021

NEWMAN TECHNOLOGY, INC

Kevin B. Baker

By: _/s/ Kevin B. Baker_

Its: Vice President

Dated: 12-30-21

DAVID J. STEINER
THE LAZZARO LAW FIRM, LLC

Attorney for Plaintiffs

Dated: 12/30/2021

ABIGAIL BARR
ICE MILLER LLP

Attorney for Defendant

7